UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD STEVEN ANTHONY LIVINGSTON,

        Petitioner,

                                             Case No. 5:15-cv-13103
v.                                           Hon. John Corbett O'Meara

SHERMAN CAMPBELL,

        Respondent.
_____/

**OPINION AND ORDER
DENYING THE PETITION FOR WRIT OF HABEAS CORPUS,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND
GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Harold Steven Anthony Livingston, a state prisoner confined at the Central Michigan Correctional Facility in St. Louis, Michigan, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his plea-based convictions and sentence of seven to twenty years for two counts of bank robbery. He argues that his guilty plea was not voluntary or knowing, his trial attorney was ineffective, and his sentence was based on inaccurate information. The State urges the Court to deny the petition on grounds that Petitioner's claims are unexhausted, not cognizable on habeas review, or meritless. Having reviewed the pleadings and state-court record, the Court concludes that Petitioner's claims lack merit and do not warrant habeas relief. Accordingly, the petition will be denied.

1

## I. Background

**A. The Plea, Sentence, Post-Conviction Proceedings, and Appeal**

Petitioner was charged in five separate cases with armed robbery or bank robbery. On March 3, 2014, he pleaded guilty in Wayne County Circuit Court to two counts of bank robbery. In return, the prosecution promised to dismiss the other counts charging Petitioner with armed robbery or bank robbery, and the parties agreed to a sentence of seven to twenty years in prison. 3/3/14 Pretrial Hr'g Tr., p. 4 (Dkt. 8-4).

On March 27, 2014, the date set for sentencing, Petitioner's trial attorney asked the trial court to postpone the sentencing because Petitioner was thinking of withdrawing his guilty plea and the attorney thought that an additional visit with Petitioner might be helpful. The trial court denied the request, stating that it had heard no basis for allowing Petitioner to withdraw his plea. 3/27/14 Pretrial Hr'g Tr., pp. 3-6 (Dkt. 8-5). Petitioner then informed the trial court that his attorneys had advised him that his sentence would be two to five years in prison for the bank robbery and that he could expect a sentence of twenty years for each count if he did not plead guilty. *Id.*, p. 9. Petitioner stated that he was taking psychiatric medication and that he had not understood what was happening at the time. *Id.* He also indicated that he was under duress when he signed the plea agreement and that he had merely meant to ask for leniency. He said that he did not have the discovery package and that he did not understand what the charges were. *Id.*

Although Petitioner also denied being informed of a plea offer on January 3, 2014, the trial court stated that it had a record of the previous offers in the case and that the offer on January 3, 2014, called for a guilty plea to two counts of armed robbery,

dismissal of all the other cases, and a sentence of eight to twenty years in prison. *Id.*, pp. 9-11. Petitioner then admitted that he had rejected the offer because he had wanted to plead guilty to bank robbery, not armed robbery. *Id.,* p. 11. When the trial court stated that it intended to proceed with the sentencing, Petitioner apologized to the court, the banks, and the tellers for what he had done, and he explained that his drug problem was the reason he had committed the robberies. *Id.*, p. 12. The court then sentenced Petitioner, pursuant to the plea and sentencing agreement, to two concurrent terms of seven to twenty years in prison. The court also dismissed the other three cases against Petitioner. *Id.*, pp. at 13-14.

Petitioner later attempted to re-negotiate his sentence of seven to twenty years on the basis that he was taking psychotropic medication when the plea was taken and that he did not understand the plea agreement. The prosecution refused to re-negotiate the parties' agreement, and the trial court denied Petitioner's request for relief. 7/17/14 Mot. Hr'g, Tr., pp.3-5 (Dkt. 8-6).

Petitioner subsequently filed a motion to correct the sentence or to re-score the sentencing guidelines. The trial court denied Petitioner's motion on grounds that the motion was untimely, the sentence was correct, and the court had no jurisdiction to correct a valid sentence. 10/31/14 Mot. Hr'g Tr., pp. 3-7 (Dkt. 8-7).

Petitioner appealed his convictions on the basis that the trial court had abused its discretion when it denied his motion to correct the sentence and to withdraw his guilty plea. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *See People v. Livingston*, No. 324743 (Mich. Ct. App. Jan. 5, 2015). Petitioner raised the same issue in the Michigan Supreme Court, which denied

leave to appeal on June 30, 2015, because it was not persuaded to review the issue presented to it. *See People v. Livingston*, 864 N.W.2d 577 (Mich. 2015).

**B. The Habeas Petition and Responsive Pleading**

On August 31, 2015, Petitioner filed his habeas corpus petition. He argues that: (1) his plea was not a voluntary and knowing act because he was under the influence of psychotropic medication at the time; (2) trial counsel was ineffective for exposing him to a harsher sentence by suggesting an increase in the score for two offense variables of the sentencing guidelines; (3) trial counsel was ineffective for allowing him to enter a guilty plea while he was under the influence of psychotropic medication; and (4) the trial court sentenced him on the basis of inaccurate information.

The State argues in its answer to the petition that Petitioner did not exhaust state remedies for his first claim regarding the voluntariness of his guilty plea or his third claim regarding trial counsel's decision to allow Petitioner to plead guilty. The doctrine of exhaustion of state remedies requires habeas petitioners to fairly present the factual and legal basis for each of their claims to the state court of appeals and to the state supreme court before raising the claims in a federal habeas petition. *See* 28 U.S.C. § 2254(b)(1); *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). The exhaustion rule, however, is not a jurisdictional requirement, *Castille v. Peoples*, 489 U.S. 346, 349 (1989), and Petitioner's claims are plainly meritless. Accordingly, the Court will proceed to address Petitioner's claims rather than to dismiss the petition for Petitioner's alleged failure to exhaust state remedies for all his claims. *See Hickey v. Hoffner*, __ F. App'x __, __, No. 16-1186, 2017 WL 2829523, at *4 (6th Cir. June 30, 2017) (stating that, if

the petitioner's unexhausted claims were plainly meritless, the Court of Appeals would affirm the district court's decision denying them as such).

## II.  Standard of Review

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." *Harrington v. Richter*, 562 U.S. 86, 97 (2011).  Pursuant to § 2254, the Court may not grant a state prisoner's application for the writ of habeas corpus unless the state court's adjudication of the prisoner's claims on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000).  "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), and 'demands that state-court decisions be given the benefit of the doubt,' *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*)." *Renico v. Lett*, 559 U.S. 766, 773 (2010).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling on his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

Furthermore, a state court's determination of a factual issue is presumed to be correct unless the petitioner rebuts the presumption of correctness with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Holland v. Rivard*, 800 F.3d 224, 242 (6th Cir. 2015), *cert. denied*, 136 S. Ct. 1384 (2016). In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III.  Analysis

#### A.  The Plea

Petitioner alleges first that his guilty plea was not a voluntary and knowing act because he was under the influence of psychotropic medication at the time. Petitioner asserts that, due to the medication, he was not in the right frame of mind and he was unable to comprehend the mechanics of the plea.

**1.  Clearly Established Federal Law**

A guilty plea involves a waiver of several constitutional rights. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). Consequently, to be valid, a guilty plea must be a

voluntary, knowing, and intelligent act. *Brady v. United States*, 397 U.S. 742, 748 (1970).

> A plea may be involuntary either because the accused does not understand the nature of the constitutional protections that he is waiving, see, e. g., *Johnson v. Zerbst*, 304 U.S. 458, 464-465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt. Without adequate notice of the nature of the charge against him, or proof that he in fact understood the charge, the plea cannot be voluntary in this latter sense. *Smith v. O'Grady*, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859.

*Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976).

A plea is knowing and intelligent if it is "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady*, 397 U.S. at 748. Courts must consider all the relevant circumstances when determining whether a plea was voluntary. *Id.* at 749. Among the factors to be considered are whether the defendant appreciated the consequences of his waiver of constitutional rights, whether he waived his rights without being coerced to do so, and whether he understood the rights that he was surrendering by pleading guilty. *Ruelas v. Wolfenbarger*, 580 F.3d 403, 408 (6th Cir. 2009). Additional factors to be considered are whether the defendant understood the essential elements of the offenses to which he was pleading guilty and whether he was aware of the maximum sentence for his crimes. *Id.* at 408-09.

If a defendant's guilty plea is not voluntary and knowing, it has been obtained in violation of due process and is void. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). But on habeas review, a federal district court must defer to the state court's decision regarding the validity of a petitioner's guilty plea. *Fitzpatrick v. Robinson*, 723 F.3d 624, 639 (6th Cir. 2013).

7

## 2. Application

At the plea proceeding in Petitioner's case, the trial court stated the terms of the plea agreement and informed Petitioner that the maximum sentence for his crimes was life imprisonment. Petitioner stated that he understood the plea agreement and that he wanted to take advantage of it. 3/3/14 Plea Tr., p. 4 (Dkt. 8-4). He also stated that he had read the rights which he was waiving by pleading guilty, that he understood them, and that he did not have any questions about them. *Id.* He acknowledged signing a written waiver of rights, and he said that no one had forced him to plead guilty or made him any promises other than what was in the plea agreement. *Id.*, pp. 4-5. He also said that it was his choice to plead guilty. *Id.*, p. 5. He then provided a factual basis for his plea and admitted that he had robbed two banks. *Id.*, pp. 5-7.

The trial court found a sufficient factual basis to accept the plea, *id.*, p. 7, and Petitioner's "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). He is presumed to have been informed by counsel of the charge to which he pleaded guilty, *Berry v. Mintzes*, 726 F.2d 1142, 1147 (6th Cir. 1984), and the fact that his guilty plea may have been motivated in part by fear of a more severe sentence if he went to trial and was convicted as charged does not render his plea compelled and invalid, *Brady*, 397 U.S. at 751.

Although Petitioner contends that his guilty plea was invalid because he was taking psychotropic medication at the time, nothing in the state-court record suggests that the medication negatively affected Petitioner's judgment or impeded his ability to understand the proceedings and enter a voluntary plea. Defense counsel, in fact, stated at Petitioner's sentencing that, at no point during the taking of the plea did it

8

appear that Petitioner failed to understand the proceeding. 3/27/14 Pretrial Hr'g Tr., p. 6 (Dkt. 8-5).

The Court concludes from all the relevant circumstances that Petitioner's plea was voluntary, knowing, and intelligent. Consequently, he has no right to relief on the basis of his challenge to the guilty plea.

**B. Trial Counsel**

Petitioner alleges next that he was denied effective assistance of trial counsel at his plea and sentencing. A defendant is entitled to effective assistance of counsel during plea negotiations and sentencing. *Lafler v. Cooper*, 566 U.S. 156, 162, 165 (2012). Pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Id*. at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id*.

In the context of a guilty plea, a deficient performance is one that falls below an objective standard of reasonableness or is outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id*. at 59. The defendant must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id*.

### 1. Suggesting an Increase in the Scoring of the Offense Variables

Petitioner contends that his trial attorney exposed him to a harsher sentence when the attorney recommended to the trial court that the court score ten points for offense variable four and for offense variable nine, instead of zero, as suggested by the probation department. The trial court accepted trial counsel's recommendation. As a result, the sentencing guidelines increased by several months. Pretrial Hr'g Tr, pp. 7-8 (Dkt 8-5).

Petitioner argues that no reasonably competent attorney would have exposed him to a greater prison sentence. However, it appears from the record that the prosecution would have raised the issue even if defense counsel had not, *see id.*, pp. 5, 7, and Petitioner has not alleged that, but for counsel's alleged error, he would have insisted on going to trial.

More importantly, Petitioner was not sentenced on the basis of the sentencing guidelines. Instead, the trial court sentenced Petitioner pursuant to the parties' plea agreement, which called for a sentence of seven to twenty years in prison. Therefore, even if defense counsel's performance was deficient, the deficient performance did not prejudice Petitioner, and "there can be no finding of ineffective assistance of counsel without prejudice." *Shimel v. Warren*, 838 F.3d 685, 697 (6th Cir. 2016), *cert. denied*, 137 S. Ct. 1821 (2017).

### 2. Allowing Petitioner to Plead Guilty

Petitioner asserts that trial counsel also provided ineffective assistance by allowing him plead guilty while he was under the influence of psychotropic medication. As pointed out above, however, nothing in the record suggests that Petitioner's

medication negatively affected his thinking or impeded his ability to decide whether to plead guilty. Neither Petitioner's attorney, nor the trial court, saw any basis for withdrawing the plea. 3/27/14 Pretrial Hr'g, pp. 3, 6, 11 (Dkt. 8-5). Trial counsel, in fact, suggested that Petitioner would be shooting himself in the foot if he withdrew his plea. *Id.*, p. 6. The trial court opined that Petitioner's attorneys had negotiated "an excellent deal," given the fact that Petitioner was charged with five bank robberies, all of which carried a statutory maximum penalty of life in prison. *Id.*, p. 12.

Trial counsel's recommendation that Petitioner plead guilty did not fall below an objective standard of reasonableness. Therefore, counsel's performance was not deficient, and habeas relief is not warranted.

## C. The Sentence

In his fourth and final claim, Petitioner alleges that the trial court relied on inaccurate information when it scored ten points for each of three offense variables of the sentencing guidelines. Petitioner contends that he should not have received any points for offense variable four, Mich. Comp. Laws § 777.34 (psychological injury to victim), offense variable nine, Mich. Comp. Laws § 777.39 (number of victims), and offense variable twelve, Mich. Comp. Laws § 777.42 (contemporaneous felonious criminal acts). According to Petitioner, there was no evidence a victim suffered serious psychological injury, there was only one victim for each bank robbery, and the dismissed armed robbery charge was not "another act," as contemplated in the statute governing offense variable twelve.

Petitioner's claim lacks merit because, by consenting to a specific sentence as part of the plea bargain, he waived review of his challenge to the sentence. *United*

*States v. Livingston*, 1 F.3d 723, 725 (8th Cir. 1993); *People v. Wiley*, 693 N.W.2d 800, 800 (Mich. 2005). He cannot "complain that his rights were violated when he received the exact sentence for which he bargained." *Lozada-Rivera v. United States*, 195 F. Supp.2d 365, 368 (D. Puerto Rico 2002).

### IV. Conclusion and Order

The state courts' rejection of Petitioner's exhausted claims for lack of merit was not contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts. To the extent that any of Petitioner's claims were not raised in state court, the claims lack merit because Petitioner has failed to show that he is in custody in violation of federal law. 28 U.S.C. §§ 2241(c)(3) and 2254(a). Accordingly, the petition for writ of habeas corpus is denied.

The Court declines to issue a certificate of appealability because reasonable jurists would not disagree with the Court's resolution of Petitioner's claims, nor conclude that the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Nevertheless, because Petitioner was granted *in forma pauperis* status in this Court, *see* Dkt. 3, he may proceed *in forma pauperis* on appeal without further authorization from this Court. Fed. R. App. P. 24(a)(3).

Date: December 6, 2017            s/JOHN CORBETT O'MEARA
                                                              United States District Judge

I hereby certify that on December 6, 2017 a copy of this opinion and order was served upon the parties of record using the ECF system and/or first-class U.S. mail.

                                                               s/William Barkholz
                                                               Case Manager